Before STERNHAGEN, GREEN, and LOVE.

The taxpayer appeals from the determination of deficiencies in income taxes for the years 1918 and 1919 in the amounts of $110.74 and $1,162.98, respectively. It is alleged that the Commissioner erroneously excluded from invested capital two items: First, good will $40,000; and second, franchise $40,000. There is no evidence in the record as to the value of the franchise.

From the allegations of the petition which were admitted by the amended answer, or by the Solicitor at the hearing, we make the following

### FINDINGS OF FACT.

The taxpayer is a Kentucky corporation, with its principal office at Louisville, engaged in the business of outdoor advertising. The present company is the successor of Louisville Gunning System. When the last-named company was reorganized on September 1, 1906, its assets were acquired by the taxpayer for stock, and at the same time the taxpayer assumed and agreed to pay certain liabilities of the old corporation, the most important of which was an obligation to the stockholders incurred by the declaration of a dividend. The amount of the payment made on account of the dividend was credited to the good-will account. The assets acquired consisted of good will, franchise, bulletin plant, and wall plant. The actual cash value of the good will thus acquired in exchange for stock was $40,-000, and stock of the par value of that amount was exchanged therefor.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, in accordance with Rule 50.

---

### APPEAL OF CROWELL & LITTLE CONSTRUCTION CO.

Docket No. 3658.   Submitted November 21, 1925.   Decided February 17, 1926.

*Edward T. Quigley, Esq.*, for the taxpayer.
*A. H. Murray, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, GREEN, and LOVE.

This is an appeal from the determination of a deficiency of $14,906.86 in income and profits taxes for the calendar year 1920, of which $5,412.83 is in controversy. The question involved is the de-

ductibility of a net loss sustained during the period April 8, 1919, to December 31, 1919, there being no corporate existence prior to that time, from 1920 income.

### FINDINGS OF FACT.

1. The taxpayer is an Ohio corporation, organized and incorporated April 8, 1919, and engaged in the general contracting business.

2. The taxpayer kept its books and rendered its returns on a calendar year basis. Its amended return for the period April 8, 1919, to December 31, 1919, inclusive, showed a net loss of $11,767.02. For the calendar year 1920 the taxpayer had a net income of $46,519.36, from which it deducted the above net loss in computing its taxable income for that year. This deduction was disallowed by the Commissioner.

### DECISION.

The determination of the Commissioner is approved. *Appeal of Butler's Warehouses, Inc.,* 1 B. T. A. 851.

---

### APPEAL OF TWO NINETY-TWO FLATBUSH AVENUE CORPORATION.

Docket No. 5189.    Submitted November 17, 1925.    Decided February 17, 1926.

> A taxpayer making capital additions to leased premises, the life of which is greater than the term of the lease, and which are surrendered upon the termination thereof, is entitled to a proportionate annual allowance of the cost over the life of the lease.

*Benjamin Mahler, Esq.,* for the taxpayer.
*John W. Fisher, Esq.,* for the Commissioner.

Before MARQUETTE, MORRIS, GREEN and LOVE.

This appeal is from the determination of a deficiency in income tax for the year 1921 amounting to $69.17. The deficiency arose from the reduction of the depreciation taken by the taxpayer on a brick building for that year.

### FINDINGS OF FACT.

The taxpayer is a corporation engaged in showing moving pictures in the Borough of Brooklyn, City of New York.

January 12, 1912, Joseph H. McGowan, of Brooklyn, leased from the trustees of the Estate of Aaron S. Robbins two certain lots of real estate situated in the Borough of Brooklyn. The life of the